

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00272-CV

### IN THE INTEREST OF A.S., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2020-1309-3**

## ABATEMENT ORDER

On October 18, 2021, Appellant M.S. filed a notice of appeal of the trial court's "order terminating her parental rights" that was "signed and filed on October 15, 2021." The trial court clerk's record filed with this Court on October 25, 2021 does not include a Final Order of Termination but does include a letter order from the trial court signed October 15, 2021 and file marked October 18, 2021 reflecting that the parental rights of the parents of A.S. are terminated. The letter order noted, "This memorandum ruling shall not be considered as an order or findings of fact and conclusions of law but shall have the same effect as if orally pronounced in open court."

On December 15, 2021, Appellant W.S. filed a notice of appeal from the "judgment" entered on December 9, 2021. Included with the notice of appeal is a

"Nunc Pro Tunc Final Order of Termination" signed by the trial court and filed with the trial court clerk on December 16, 2021. The Nunc Pro Tunc Order notes, "An order was presented and subsequently signed by the Court, and in that order the cause number was incorrect. The error was clerical, and this NUNC PRO TUNC FINAL ORDER OF TERMINATION corrects the error."

In a letter dated December 20, 2021, this Court requested that the trial court clerk file a supplemental clerk's record that included both the Final Order of Termination and the Nunc Pro Tunc Final Order of Termination. A supplemental clerk's record was filed with this Court on December 21, 2021. The supplemental record included the Nunc Pro Tunc Final Order of Termination but did not include the Final Order of Termination.

By Order dated January 5, 2022, we directed the parties to, by written stipulation, deliver a copy of the final order of termination to the trial court clerk for inclusion in a supplemental clerk's record. If the parties were unable to agree, we alternatively directed the trial court to determine what constitutes an accurate copy of the final order of termination and to order it to be included in a supplemental clerk's record. No supplemental clerk's record has been filed in response to our Order.

Appellant M.S. filed a brief on January 28, 2022, attached to which is a copy of a Final Order of Termination signed by the trial court on December 9, 2021. The Final Order is not file marked and includes an incorrect trial court number -- 2020-1340-3 rather than 2020-1309-3, the cause number related to this appeal.

Pursuant to Rule 34.5(e), we abate this case to the trial court to hold a hearing to determine what constitutes an accurate copy of the Final Order of Termination regarding the child A.S. purportedly signed on December 9, 2021 and to order it be included in a Supplemental Clerk's Record to be filed in this Court within seven (7) days from the date of this order. *See* TEX. R. APP. P. 34.5(e).

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Case abated
Order delivered and filed February 16, 2022
RWR

